**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rosalio Monge, Jr., | No. CV-25-00092-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Daniel Morales, et al., | |
| Defendants. | |

Plaintiff Rosalio Monge, Jr. initiated this action by filing a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983, alleging that Defendants Morales, Corona, and Larney (Lamey)[1] used excessive force against him during two incidents on September 17, 2024, and September 19, 2024. (Doc. 1.) The Court ordered Defendants to answer or otherwise respond to the Complaint (Doc. 5), and they filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) (Doc. 24). Plaintiff then filed a Motion to Preclude Consideration of Motion to Dismiss (Doc. 27), a Motion for Admission of Previous Subpoenas (Doc. 30), a Motion to Substitute Name of Defendant (Doc. 32), a Motion to Amend Complaint (Doc. 33), a Motion to Object to Motion to Dismiss (Doc. 34), and a Motion for Admission of Exhibits, Evidence (Doc. 35). Defendants filed a Motion to Strike, asking the Court to strike the majority of Plaintiff's filings. (Doc. 36.)

. . . .

. . . .

---

[1] Plaintiff names Larney in his Complaint, but this Defendant indicates his name is spelled Khole Lamey. (*Compare* Doc. 1, *with* Doc. 24.)

### I.    Defendants' Motion to Strike Plaintiff's Filings (Doc. 36)

Defendants ask the Court to strike Plaintiff's filings at Documents 32, 33, 34, and 35 under Federal Rule of Civil Procedure 12(f).  (Doc. 36.)  Defendants argue that the filings "are duplicative, procedurally improper," "unsupported by relevant legal authority," "ambiguous," and "repetitive."  (*Id.* at 3.)  Defendants also argue that Plaintiff submitted the filings "without leave of Court" even though several other motions, including Defendants' Motion to Dismiss, were pending.  (*Id.* at 1-3.)

Rule 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  A pleading means a complaint; a third-party complaint; an answer to a complaint, counterclaim, crossclaim, or third-party complaint; and a reply to an answer if one is ordered.  Fed. R. Civ. P. 7(a).  None of the filings at issue are pleadings to which Rule 12(f) applies.[2]  Accordingly, Rule 12(f) provides no grounds for striking Plaintiff's filings.

Pursuant to Local Rule of Civil Procedure ("LRCiv") 7.2(m)(1), "a motion to strike may be filed only if it is authorized by statute or rule . . . or if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order."  Defendants have not established that striking Plaintiff's filings is appropriate under LRCiv 7.2(m).  Defendants argue that Plaintiff submitted the filings without leave of Court, but Defendants provide no legal support for the proposition that a party must obtain leave of Court to file a motion if other motions are pending in an action.  The Court notes that Defendants did not seek or obtain a stay of this action pending resolution of their Motion to Dismiss, so Plaintiff's filings do not violate any stay Order.  Motions to substitute and motions to amend a complaint are expressly authorized by the Federal Rules of Civil Procedure.  And on the current record, Defendants have not shown that Plaintiff filed any of the Motions at issue for an "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."  Fed. R. Civ. P. 11(b)(1).

---

[2] Plaintiff's Motion to Amend Complaint seeks leave to file a new pleading, but Defendants seek to strike the Motion, which is not itself a pleading.

The Court will deny Defendants' Motion to Strike.

## II.    Plaintiff's Motion to Amend Complaint (Doc. 33)[3]

Plaintiff seeks leave to file a First Amended Complaint.  (Doc. 33.)  Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), a plaintiff may amend his pleading once as a matter of course no later than 21 days after service of a motion under Rule 12(b).  Plaintiff filed his Motion to Amend Complaint within 21 days after service of Defendants' Rule 12(b)(6) Motion to Dismiss.  Accordingly, Plaintiff is entitled to file an amended complaint as a matter of course under Rule 15(a)(1)(B).

LRCiv 15 requires a party filing an amended pleading to indicate in what respect the amended pleading differs from the original by underlining added text and bracketing or striking through deleted text.  Plaintiff's proposed First Amended Complaint does not comply with this rule.  However, the Court will excuse the non-compliance in this particular instance.  Plaintiff is a prisoner proceeding pro se, and the complaints at issue are hand-written, which makes compliance with LRCiv 15 more onerous.  The First Amended Complaint is of a reasonable length and of sufficient clarity to render the changes easily discernable.  Furthermore, Plaintiff explains—in his Motion to Substitute and Motion to Object—the primary substantive differences between the original Complaint and the First Amended Complaint.  (*See* Docs. 32, 34.)  Specifically, the First Amended Complaint substitutes Defendant Khole Lamey for Defendant Unknown Larney, based on this Defendant's representations regarding the correct spelling of his name.  (*See* Doc. 32; Doc. 33-1.)  The First Amended Complaint also asserts Plaintiff's excessive force allegations under the Fourth Amendment rather than the Eighth Amendment, presumably in response to arguments raised in Defendants' Motion to Dismiss.  (*See* Doc. 33-1; Doc. 34.)  The factual allegations of the proposed First Amended Complaint, while not identical to those of the original Complaint, are substantively quite similar.

Because Plaintiff is entitled to amend as a matter of course under Rule 15(a)(1)(B),

---

[3] Plaintiff filed another Motion to Amend Complaint on March 24, 2026.  (Doc. 37.) Plaintiff did not attach a proposed amended pleading to the March 24, 2026 Motion, and the request to amend appears to be a duplicate of the February 9, 2026 request. Accordingly, the Court will deny as moot the March 24, 2026 Motion to Amend.

- 3 -

the Court will grant his Motion to Amend Complaint and direct the Clerk of Court to file his proposed First Amended Complaint. The Court will deny as moot Plaintiff's Motion to Substitute (Doc. 32), as the substitution requested therein is accomplished by the filing of the First Amended Complaint.

### III. Defendants' Motion to Dismiss, Plaintiff's Motion to Preclude Consideration of Motion to Dismiss, and Plaintiff's Motion to Object to Motion to Dismiss

An "amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Because Defendants' Motion to Dismiss addresses a superseded pleading, the Court will deny as moot the Motion to Dismiss, as well as Plaintiff's Motion to Preclude Consideration of the Motion to Dismiss and Plaintiff's Motion to Object to the Motion to Dismiss.

### IV. Plaintiff's Motion for Admission of Previous Subpoenas

Plaintiff previously filed a "Motion to Produced Documents of Subpoenas" (Doc. 22), which the Court denied without prejudice because it was unclear what relief Plaintiff was seeking and because the Motion did not comply with General Order 18-19 to the extent it sought the issuance of subpoenas (Doc. 28 at 2). Plaintiff then filed a "Motion for Admission of Previous Subpoenas," in which he requests the issuance of subpoenas seeking evidence from the Tucson Police Department and University Medical Center Banner South regarding the September 17, 2024 and September 19, 2024 incidents at issue in this action. (Doc. 30.) Plaintiff attaches copies of the proposed subpoenas to the Motion. (Doc. 30-1.)

Pursuant to General Order 18-19, "any self-represented litigant who wishes to serve a subpoena" must file a written motion with the Court that "set[s] forth the name and address of the witness to be subpoenaed and the custodian and general nature of any documents requested," and that "state[s] with particularity the reasons for seeking the testimony and documents." The litigant must also attach a copy of the proposed subpoena.

Gen. Ord. 18-19.  "Issuance of the subpoena shall not preclude any witness or person subpoenaed, or other interested party, from contesting the subpoena." *Id.*

The Court finds that Plaintiff's present Motion sufficiently complies with the requirements of General Order 18-19.  Accordingly, the Court will grant the Motion and direct the Clerk of Court to issue the attached subpoenas.

### V.    Plaintiff's Motion for Admission of Exhibits, Evidence

Plaintiff moves for the admission of medical records.  (Doc. 35.)  However, there are no pending motions, such as a motion for summary judgment, to which the records would be relevant.  Accordingly, the Court will deny the Motion with leave to submit the evidence at issue at an appropriate point in the proceedings (for example, during summary judgment briefing or at trial).

**IT IS ORDERED**:

1. Defendants' Motion to Dismiss (Doc. 24) is **denied as moot**.

2. Plaintiff's Motion to Preclude Consideration of Motion to Dismiss (Doc. 27) is **denied as moot**.

3. Plaintiff's Motion for Admission of Previous Subpoenas (Doc. 30) is **granted**.  The Clerk of Court is directed to issue the subpoenas attached to the Motion (Doc. 30-1).  The United States Marshals Service shall serve the subpoenas.

4. Plaintiff's Motion to Substitute (Doc. 32) is **denied as moot**.

5. Plaintiff's Motion to Amend Complaint (Doc. 33) is **granted**.  The Clerk of Court is directed to file Plaintiff's proposed First Amended Complaint (Doc. 33-1) as Plaintiff's First Amended Complaint, and to update the docket to reflect that the First Amended Complaint substitutes Defendant Marcos Corona for previous Defendant Unknown Corona, and substitutes Defendant Khole Lamey for previous Defendant Unknown Larney.

6. Plaintiff's Motion for Leave to Object to Motion to Dismiss (Doc. 34) is **denied as moot**.

7.  Plaintiff's Motion for Admission of Exhibits, Evidence (Doc. 35) is **denied**.

8.  Defendants' Motion to Strike (Doc. 36) is **denied**.

9.  Plaintiff's second Motion to Amend Complaint (Doc. 37) is **denied as moot**.

Dated this 31st day of March, 2026.

_____
Honorable Rosemary Márquez
United States District Judge